HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. CR05-5785 RBL |
| v. | ORDER |
| SUZETTE BLAND, | |
| Defendant. | |

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion for Release Pending Appeal[1] [Dkt. #83].

Having considered the entirety of the records and file herein, the Court finds and rules as follows:

Ms. Bland was convicted after a jury trial of two counts of Social Security Fraud. On January 19, 2007 she was sentenced to ten months in custody, three years of supervised release and ordered to pay $45,203.50 in restitution. She timely appealed the judgment and sentence and now seeks release pending appeal.

Release pending appeal is governed by 18 U.S.C. §3143(b). The defendant bears the burden of proving:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

---

[1] On February 8, 2007 defendant filed an Amended Motion for Release [Dkt. #87]. The amended otion does not differ from the original motion in any material way.

ORDER
Page - 1

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –

    (i) reversal,
    (ii) an order for a new trial,
    (iii) a sentence that does not include a term of imprisonment, or
    (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Defendant makes two arguments in support of her motion. She argues that she is not a flight risk and she argues that there is a substantial likelihood she will prevail on appeal.

As set forth in the statute, Ms. Bland bears the burden of proving "by clear and convincing evidence that [she] is not likely to flee or pose a danger to the safety of any other person or the community" if released. She argues that she has previously complied with all of the Court's pre-trial orders, has no criminal history, has been found disabled by the government, and has raised her son as a single mother. While it may be true that she complied with pre-trial orders while she still retained the presumption of innocence, that presumption is now gone and Ms. Bland has been convicted of two counts of defrauding the government by continuing to work after being found disabled thereby illegally obtaining Social Security disability benefits. Furthermore, she faces charges in the State of Washington for theft that had previously resulted in a deferred sentence. She also faces the real possibility of losing custody of her minor son due to this conviction. Ms. Bland's motivations to remain in this jurisdiction and report when ordered to begin her sentence have therefore drastically changed. The Court finds that she has not met her burden to show that she is not a flight risk nor a danger to the community if released.

Ms. Bland next argues that there is a substantial likelihood that her case will be reversed on appeal, or that the appeal will result in a reduced sentence. She bases her argument on a recent United States Supreme Court decision, *Cunningham v. California*, _____ U.S. _____, 2007 WL 135687 (January 22, 2007), and upon evidence at trial that she claims was wrongly admitted.

A "substantial question" is one that is "fairly debatable." *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985). Ms. Bland has not shown that there is a "substantial question" that is "fairly debatable." First, her argument that *Cunningham v. California* somehow changes the burdens of proof utilized in applying the Federal Sentencing Guidelines is mistaken. *Cunningham* merely held that California's determinate sentencing scheme, unlike the now <u>advisory</u> Federal Sentencing Guidelines, violates the Sixth Amendment. This Court

ORDER
Page - 2

1  correctly calculated the guidelines by including the amount of loss to establish an advisory guidelines range.
2  See *United States v. Staten*, 450 F.3d 384 (9th Cir. 2006) (sentence enhancements are generally found by
3  district court using a preponderance of the evidence standard). The Court then sentenced Ms. Bland after
4  considering the factors set forth in 18 U.S.C. §3553(a), one of which are the guidelines.

5      Ms. Bland argues, without elaboration, that evidence against her was wrongly admitted. It is unclear
6  what evidence to which she is referring. The government surmises that the evidence the defendant is most
7  likely complaining about is the contents of a second appointment book. Testimony about this book was
8  offered, and Ms. Bland thereafter moved for a mistrial. The Court denied the mistrial motion. Ms. Bland has
9  not shown that the offering of this testimony has created reversable error. If Ms. Bland is referring to the
10 certified statement of loss offered by the government at sentencing, the Court properly relied on such
11 documentation in establishing the advisory guidelines range. Thus, she has failed to demonstrate that her
12 appeal raises a substantial question - - one that is fairly debatable - - of law or fact that is likely to result in a
13 reversal or a reduced sentence. Therefore, it is hereby

14     **ORDERED** that Defendant's Motion for Release Pending Appeal [Dkt. #83] is **DENIED**.

15     The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing
16 pro se.

17     Dated this 20th day of February, 2007.

                                           /s/ Ronald B. Leighton
                                   RONALD B. LEIGHTON
                                   UNITED STATES DISTRICT JUDGE